IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL MAIMONA, | No. C 09-0264 WHA (PR) |
| Petitioner, | **ORDER TO FILE STATEMENT REGARDING EXHAUSTION** |
| vs. | |
| BOARD OF PRISON TERMS, | |
| Respondent. | |

This is a habeas case filed pro se by a state prisoner who was convicted of murder in 1972. He challenges a May 10, 2006, denial of parole. The petition was dismissed with leave to amend, in part because petitioner failed to allege facts showing that he had exhausted his claims in state court. *See Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir. 1981) (habeas petitioner has burden to plead exhaustion). Petitioner amended, but the amended petition once more did not provide the necessary information regarding exhaustion of state remedies. The Court again dismissed with leave to amend to plead exhaustion. Petitioner has filed another amendment.

In the amendment petitioner lists two state habeas petitions in the California Supreme Court. The first he says was denied on "2-88," before the parole hearing at issue here. For the second he does not give an outcome or a date of decision, but he does say that the issues were "denial of due process" and "unethical District Attorney at parole hearing," issues which seem to be similar to those he seeks to present in this case. Without a result and date of the result it

1  thus is *still* unclear whether he has exhausted, and he certainly has not met the requirement to
2  plead exhaustion.[1]

3  It is clear that petitioner has difficulty with written work.  To simplify the issue, he shall
4  file a paper with the clerk of this court within fourteen days of the date this order is entered
5  which does nothing more than say (1) whether he filed a state habeas petition in the California
6  Supreme Court raising the issues he seeks to raise here; (2) if so, what ruling the California
7  Supreme Court made on that petition; and (3) if available, the date of the California Supreme
8  Court's ruling.

## CONCLUSION

Petitioner shall file a statement as discussed above within fourteen days of the date this order is entered.  If no such paper is filed, or if petitioner files one but it is not sufficient to plead exhaustion, this case will be dismissed.

**IT IS SO ORDERED.**

Dated: July  30 , 2009.

WILLIAM ALSUP  
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.09\MAIMONA0264.OSC-D.wpd

---

[1] A search of the California Supreme Court's docket shows that petitioner has had seven cases in that court, mostly quite some time ago.  Only one was filed after the date of the parole decision here; the parole denial was on May 10, 2006, and petitioner's most recent California Supreme Court case was filed on May 25, 2006.  It thus is not impossible that the most recent case was a challenge to the May 10, 2006, parole denial at issue here; if it was, petitioner may have exhausted.